UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

CARL DOUGLAS JOHNSON,

                    Petitioner,                         Case No. 1:08-cv-27

v.                                                      Honorable Gordon J. Quist

BLAINE C. LAFLER,

                    Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.

§ 2254.  Petitioner is serving a term of twelve to sixty months, imposed by the St. Claire County

Circuit Court on May 5, 2005, after Petitioner pleaded guilty to being a felon in possession of a

firearm, MICH. COMP. LAWS § 750.224F.  In his *pro se* amended petition (docket #4)[1], Petitioner

raises two grounds for relief, as follows:

> I.       THE COURT FAILED TO CORRECT INACCURATE INFORMATION
>          CONTAINED IN THE PRESENTENCE INVESTIGATION REPORT.
>
> II.      INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT CHALLENGING
>          THE IMPROPER SCORING OF OFFENSE VARIABLES.

Respondent has filed an answer to the petition (docket #11) stating that the grounds should be

denied.  Upon review and applying the AEDPA standards, I find that Petitioner's claims are without

merit.  Accordingly, I recommend that the petition be denied.

_____

[1]The Court construes Petitioner's original petition (docket #1) as his supporting brief.

**Procedural History**

### A.    Plea Proceedings

Plaintiff was arrested in St. Claire County on charges of assault with dangerous weapon, MICH. COMP. LAWS § 750.82; being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224F; and being a fourth habitual offender, MICH. COMP. LAWS § 769.12.  In addition, Plaintiff was on parole at the time of the alleged offenses, so he was charged and subsequently convicted of violating his parole.

Petitioner waived the preliminary examination.  On April 18, 2005, the St. Claire County Circuit Court attempted to take a plea from Petitioner on the assault and felon-in-possession charges.  During the hearing, Petitioner gave the following testimony regarding the events that resulted in the charges against him:

| | |
|---|---|
| Petitioner: | Your Honor, I was at Seeker's Bar on 24th Street.  I was up at the bar on a bar stool, completely minding my own business.  A person I believe to be the complainant, but I'm not fully certain, socked me very hard in the back, while pulling my bar stool at the same time until I fell out of it.  I was then put in a head-lock type bear hug and man handled out of the door, at which point four guys surrounded me and started closing in on me, and I pulled out a gun to avoid the assault.  They stopped and I ran home.  I took the gun apart and wrapped the pieces up in a newspaper and put the pieces in different garbage cans down 24th Street on my way to another bar.  And the next thing I know I heard that there was a report made and I absconded parole for one month and then turned myself in. |
| Counsel: | If I may just ask a couple of questions, you Honor? |
| Court: | I would appreciate that. |
| Counsel: | Okay.  When you pulled the gun out, you pointed in the direction of this individual; is that correct? |
| Petitioner: | Yes. |

- 2 -

| Counsel: | Okay.  And when you pointed it in the direction of this individual, this was a pistol; is that correct? |
| Petitioner: | Yes. |
| Counsel: | Okay.  What type of pistol was it? |
| Petitioner: | A 38 revolver. |
| Counsel: | All right.  And you were pointing this gun at this person to otherwise intimidate or frighten this person; is that correct? |
| Petitioner: | Yes, sir. |

(4/18/04 Attempted Plea Transcript (Attempted Plea Tr.), 7-8, docket #14.)  The Court ultimately refused to accept the plea because Petitioner asserted that he was acting in self-defense when he committed the assault.  (Attempted Plea Tr., 10.)

On May 5, 2005, Petitioner pleaded guilty only to the felon-in-possession charge. At the plea hearing, Petitioner admitted only that he pulled a gun outside the bar and that he has a previous felony conviction.  (5/5/05 Plea Transcript (Plea Tr.), 7, docket #15.)  In exchange for his plea, the prosecutor dismissed the assault charge and the habitual offender notice.  (Plea Tr., 3.)

Petitioner's sentencing hearing was held on May 31, 2005.  At the beginning of the hearing, defense counsel contested the scoring of Offense Variable (OV) 9, which concerns the number of victims.  Under OV 9, ten points are assessed only if there are between two and nine victims of the offense.  MICH. COMP. LAWS § 777.39(1)(c). The instructions to OV 9 state that "each person who was placed in danger of physical injury or loss of life" constitutes a victim.  MICH. COMP. LAWS § 777.39(2)(a).  Defense counsel maintained that the score should be zero because Petitioner only pointed the gun at one person.  (Sentencing Transcript (S. Tr., 4, docket #16.)  The trial court responded that the people in the parking lot at the time Petitioner brandished the gun were

placed in danger, and, thus, counted as victims. (S. Tr., 4.) After further discussion, the trial court decided that the guidelines would stay as scored knowing that it still had full discretion to determine the appropriate sentence. (S. Tr., 5.) The trial court proceeded to sentence Petitioner to imprisonment of 12-60 months with the Michigan Department of Corrections (MDOC), consecutive to the sentence for the offense for which his parole was revoked. (S. Tr., 24-25.)[2]

After appellate counsel was appointed, Petitioner moved to withdraw his guilty plea claiming that OV 1 (aggravated use of a weapon) and OV 9 (number of victims) had been mis-scored. Plaintiff further claimed that he was entitled to resentencing under the corrected sentencing guidelines. The trial court denied Petitioner's motion.

### B.    Direct Appeal

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. His brief, which was filed by counsel on December 4, 2006, raised the following three claims of error:

I.    DEFENDANT-APPELLANT SHOULD BE PERMITTED TO WITHDRAW HIS GUILTY PLEA BECAUSE HIS PLEA WAS INVOLUNTARY AND AS SUCH, THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION TO WITHDRAW HIS PLEA.

II.    THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CORRECT THE PRESENTENCE REPORT.

III.    DEFENDANT IS ENTITLED TO A RESENTENCING WHERE THE SENTENCING GUIDELINES WERE MISSCORED AND IF CORRECTED, THE GUIDELINE SENTENCE WOULD CHANGE.

---

[2]Despite repeated requests by Petitioner and his counsel to allow Petitioner to serve his sentence in the county jail, the Court determined that Petitioner, who suffers from a serious medical disorder, could receive better medical care from the MDOC.

(*See* Def.-Appellant's Br. on Appeal, docket #18.)  On February 6, 2007, the Michigan Court of Appeals denied Petitioner's application for lack of merit in the grounds presented.  (*See* 2/6/07 Mich. Ct. App. Ord., docket #18.)

Petitioner filed a *pro se* application for leave to appeal to the Michigan Supreme Court.  Petitioner raised the same three claims raised before and rejected by the Michigan Court of Appeals.  By order entered June 26, 2007, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed.  (*See* Mich. Ord., docket #19.)

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001).  The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and

not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001). A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411;

*accord Bell*, 535 U.S. at 699.  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable."  *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented.  *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003).  Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*.  *Onifer*, 255 F.3d at 316.  The review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA.  *Harris*, 212 F.3d at 943.  However, the Sixth Circuit recently has clarified that where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer."  In such circumstances, the court conducts *de novo* review.  *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances in which a result exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656.  This presumption of correctness is accorded to findings of state appellate courts, as well as the trial

- 7 -

court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir.

1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to

relief.

### Discussion

I.   TRIAL COURT'S FAILURE TO CORRECT INACCURATE INFORMATION CONTAINED IN THE PRESENTENCE INVESTIGATION REPORT.

In his first ground for relief, Petitioner claims that the trial court erred by failing to

correct information in the PSIR that he threatened two people with a gun.  In his supporting brief,

Petitioner maintains that there was no evidence on the record that he threatened anyone with a gun.

Petitioner contends that the trial court could not rely on statements he made at the attempted plea

hearing.  Rather, he argues that the trial court was limited to Petitioner's admissions at the plea

hearing, where Petitioner admitted only to pulling the gun outside of the bar.  At the plea hearing,

Petitioner did not admit that he pointed the gun at anyone or threatened anyone with the gun.

Consequently, Petitioner maintains that the trial court sentenced him based upon inaccurate

information contained in the PSIR.

A court violates due process when it imposes a sentence based upon materially false

information.  *Townsend v. Burke*, 334 U.S. 736, 740 (1948) (citation omitted).  Petitioner has the

burden of demonstrating "first, that the information before the sentencing court was false, and,

second, that the court relied on the false information in passing sentence."  *United States v. Stevens*,

851 F.2d 140, 143 (6th Cir. 1988) (citations omitted).  Petitioner cannot meet his burden in this case

because he cannot show that the information was false.  At the attempted plea hearing, Petitioner

stated that he pulled out the gun as four men were surrounding him outside the bar.  (Attempted Plea

Tr., 7.)  He further admitted that he pointed the gun at the complainant for the purpose of

intimidating or frightening him.  (Attempted Plea Tr., 8.)  Petitioner's statements at the attempted

plea hearing were made under oath.  The fact that Petitioner did not reiterate those details at the

subsequent plea hearing is without consequence.  Petitioner, therefore, cannot show that the trial

court relief upon materially false information in imposing sentence.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that his trial counsel was ineffective for allowing him to be

sentenced based upon false information.  He further claims that counsel was ineffective for failing

to object to the improper scoring of OV 1 and OV 9.[3]  Petitioner contends that he was improperly

scored fifteen points for OV 1 for allegedly "pointing a firearm at or toward a victim . . . ."  MICH.

COMP. LAWS  § 777.31(1)(c).  He further claims that he was improperly scored ten points for OV

9 for having two to nine victims.  MICH. COMP. LAWS § 777.39(1)(c).  As in his first ground for

habeas corpus relief, Petitioner maintains that there was no evidence on the record to supporting the

scoring of OV 1 and OV 9.

In *Strickland v. Washington*, 466 U.S. 668, 687-88  (1984), the Supreme Court

established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To

establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's

performance fell below an objective standard of reasonableness; and (2) that counsel's deficient

performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.

A court considering a claim of ineffective assistance must "indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  The

---

[3]Petitioner did not raise his claim of ineffective assistance of counsel in the Michigan appellate court; therefore
the issue is unexhausted.  *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999)*; Duncan
v. Henry*, 513 U.S. 364, 365 (1995).  However, the Court may dismiss a petition on the merits notwithstanding the failure
of the applicant to exhaust his state-court remedies.  *See* 28 U.S.C. § 2254(b)(2).

defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. A claim of ineffective assistance of counsel presents a mixed question of law and fact. Accordingly, the Court must apply the "unreasonable application" prong of § 2254(d)(1). *See Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

Petitioner cannot show that his counsel was constitutionally deficient. First, defense counsel did object at the sentencing hearing to the scoring of OV 9. After discussion with defense counsel and the prosecutor, the trial court concluded that OV 9 was properly scored at ten points because there were more than two victims. As discussed above, Petitioner stated at the attempted plea that he pulled out the gun as four men were surrounding him outside the bar. (Attempted Plea Tr., 7.) In addition, the trial court counted as victims the other people in the parking lot at the time Petitioner brandished the gun. (S. Tr., 4.) Moreover, counsel had no grounds for challenging OV 1 when Petitioner admitted at the attempted plea that he pointed a gun at the complainant for the purpose of intimidating or frightening him. Counsel's failure to make a frivolous or meritless objection does not constitute ineffective assistance of counsel. *Yannott v. U.S.*, No. 95-1958, 1996 WL 279182, at *2 (6th Cir. May 23, 1996) (citing *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986)); *see also Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004); *A.M. v. Butler*, 360

F.3d 787, 795 (7th Cir. 2004); *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990); *United States v. Wright*, 573 F.2d 681, 684 (1st Cir. 1978).  Petitioner, therefore, cannot show that counsel's performance fell below an objective standard of reasonableness.  Where counsel's performance did not fall below an objective standard of reasonableness, the court need not reach the question of prejudice.  *Strickland*, 466 U.S. at 697; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).  Accordingly, Petitioner is not entitled to habeas corpus relief.

## Recommended Disposition

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied.

Dated:  May 1, 2009                                    /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).